In the Matter of ROBERT SALOMON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 2, 1984

APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Gary H. Greenberg* of counsel (*Orans, Elsen & Lupert,* attorneys), for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent, Robert Salomon, who was admitted to the Bar in this court on December 19, 1946, has submitted an affidavit dated June 23, 1983, in which he tenders his resignation as an attorney and counselor at law (see Rules of Appellate Division, First Department, 22 NYCRR 603.11).

Respondent acknowledges that he is the subject of an investigation by the Departmental Disciplinary Committee for the First Judicial Department and that the following charges are pending against him: while he was acting as preliminary executor under the last will and testament of Julia Z. Holmes who died on March 28, 1979, that he

converted at least $127,000 in estate funds to his own use; that he wrote estate checks on behalf of other clients; that he improperly paid bequests to certain beneficiaries and failed to have those beneficiaries pay their portion of the estate taxes; that he distributed estate assets to various beneficiaries not entitled to receive them; that he neglected to have Ms. Holmes' will and codicil admitted to probate for four years; that he failed to file estate or decedent's personal income tax returns or pay estate or decedent's taxes; that he failed to keep complete and proper records as preliminary executor; and that he was ordered to account by the Surrogate on three separate occasions and inexcusably failed to do so. Mr. Salomon also acknowledged that there were charges pending against him which alleged that he had neglected a matter entrusted to him, namely, making the payments to Forest View Nursing Home required for the continued care of his client, Charlotte Anfanger, and further that Forest View had obtained a default judgment against him for over $11,000.

Respondent indicated that his resignation is made freely and voluntarily, without coercion or duress of any kind, and that he is fully aware of the implications and consequences of his resignation. He admits that if a disciplinary proceeding were commenced against him based upon the afore-mentioned charges, he could not defend himself on the merits successfully.

Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be struck from the roll of attorneys and counselors at law, effective immediately.

MURPHY, P. J., KUPFERMAN, SANDLER, ASCH and MILONAS, JJ., concur.

Respondent's resignation is accepted and his name is stricken from the roll of attorneys and counselors at law in the State of New York effective February 2, 1984.